**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kenneth Smith,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-11-01623-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Claimant Robert Kenneth Smith's appeal of the Social Security Administration's (SSA) decision to deny disability insurance benefits. (Doc. 28). For the following reasons, the Court affirms the denial of benefits.

## BACKGROUND

Robert Smith filed for disability benefits on April 25, 2007, alleging a disability onset date of January 9, 2008. His date last insured was June 30, 2010. His claim was first denied by an administrative law judge (ALJ) on January 27, 2010. After an appeal to the District Court, the Commissioner moved to have the case remanded. The remand resulted in another denial of benefits on March 22, 2013. The Appeals Council remanded the matter for a third hearing. The ALJ held a hearing on April 12, 2016. The ALJ determined that Mr. Smith had the following severe impairments: coronary artery disease with status post atherectomy, myocardial infarction, hyperlipidemia, hypertriglyceridemia, degenerative disc disease of the cervical and lumbar spine, cervical spondylosis and stenosis, status post cervical discectomy, status post right knee

arthroscopy, peripheral neuropathy, and obesity. (Tr. 537). With these impairments taken into account, the ALJ found that Mr. Smith had the residual functional capacity (RFC) to perform light work with certain restrictions. (Tr. 540). Because the ALJ determined that Mr. Smith could perform work that exists in significant numbers in the national economy, the ALJ found that Mr. Smith was not disabled under the Social Security Act. (Tr. 548). The Appeals Council denied the request to review, making the Commissioner's decision final. (Tr. 513–15). Mr. Smith now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Legal Standard

A reviewing federal court will address only the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n. 13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits when that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id*. (quotation omitted). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. (quotation omitted).

The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When evidence is "subject to more than one rational interpretation, [courts] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981, F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

### II. Analysis

Claimant alleges that the ALJ erred by (1) improperly rejecting the treating

physician's opinions; (2) improperly rejecting the Claimant's credibility; and (3) failing to resolve a conflict between the Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT).

## A. Weight Afforded to Treating Physician's Opinions

A "treating physician" is one who actually treats the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating doctor's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons. *Id*. If a treating doctor's opinion is contradicted by another doctor, it may only be rejected for "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id*. (citations omitted). Mr. Smith's treating physician—Doctor Troy Anderson—submitted reports opining that Mr. Smith was disabled and unable to work. (Tr.). The ALJ gave his opinions minimal weight.

Dr. Anderson submitted a letter on January 9, 2008 which details Mr. Smith's diagnoses and states: "The patient is no longer [able] to work. His prognosis is poor. I do not expect recovery." (Tr. 391). SSA guidelines in place at the time of the ALJ's decision provide that "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p. The ALJ cannot ignore such opinions, but the ALJ also cannot give the opinion controlling weight and "abdicat[e] [ ] the Commissioner's statutory responsibility to determine whether an individual is disabled. *Id*. The ALJ did not ignore Dr. Anderson's letter, but the ALJ did assign it minimal weight in accordance with the regulations. Claimant further argues that the ALJ erred by failing to consider the other statements in Dr. Anderson's letter, recounting the Claimant's peripheral neuropathy and other illnesses. But the ALJ did discuss these diagnoses throughout the record, and in fact, the ALJ found that these were severe impairments. Finally, Claimant objects to the ALJ's statement that Dr. Anderson's observation that the Claimant has an inability to drive conflicts with the Claimant's own statements about driving at the time. The ALJ was not expressing a view that a disabled person could never drive; rather the ALJ was pointing out inconsistencies which tended

to make Dr. Anderson's opinion less credible.

On October 7, 2009, Dr. Anderson submitted an RFC assessment. The ALJ assigned minimal weight to this opinion because Dr. Anderson did not discuss any objective findings to support the RFC limitations and because Dr. Anderson's findings that Claimant's medications caused impairments were not supported by the record. ALJ's "may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings." *Batson*, 359 F.3d at 1195. Claimant disputes that the record supports the ALJ's conclusion that he tolerated his medicine well. But where the evidence is "subject to more than one rational interpretation, [courts] must defer to the ALJ's conclusion." *Id*. at 1198. The Claimant's evidence of difficulty with medicine is in records from 2011 and 2012, after the Claimant's date last insured. There was substantial evidence to support the ALJ's finding. (Tr. 447).

Claimant also argues that the ALJ erred by assigning only minimal weight to Dr. Anderson's opinion that Claimant's impairments met Listing 1.04A. But Claimant does not challenge the ALJ's determination that Listing 1.04A is not met. Therefore, any possible error made by the ALJ is irrelevant. Finally, Claimant asserts that the ALJ erred by stating that two of Dr. Anderson's reports were contradictory. In one November 2012 assessment, Dr. Anderson found that Claimant could not engage in simple grasping, pushing and pulling or arm controls, or fine motor manipulation on either arm. (Tr. 1277). In a different November 2012 assessment, Dr. Anderson marked that Claimant did have impairments with respect to gross manipulation/handling, fingering, and feeling, but that Claimant could engage in such activities constantly in an eight hour day. (Tr. 1279). While it is possible that Dr. Anderson misunderstood the question and did not intend to make a contradictory statement, the ALJ did not rely solely on the contradiction to discount the physician's opinion. The ALJ also noted that a medical examination from August 2008 found that the Claimant had normal strength in his fingers in hands. (Tr. 544). Even assuming that Dr. Anderson's opinions were not intended to be contradictory,

the ALJ properly relied on other medical evidence to discount the opinion and did not err.

**B.  Claimant's Credibility**

When a claimant alleges subjective symptoms, like pain, the ALJ must follow a two-step analysis to decide whether to credit the claimant's testimony. First, the claimant "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (quotation marks omitted). The claimant does not need to show "that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the claimant can make the showing required in the first step and the ALJ does not find any evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. at 1281.

Claimant objects to the ALJ's consideration of his daily activities in assessing his credibility. Daily activities "may be grounds for an adverse credibility finding 'if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.'" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ found that the Claimant could take care of his personal hygiene, prepare food, do laundry, pay bills, drive, go to the movies, grocery ship, go to his son's soccer games, attend his son's school events, and assist his son with homework. These activities are of the sort that the Ninth Circuit has found demonstrate the performance of physical functions that are transferable to a work setting. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the ALJ was permitted to consider the claimant's daily living activities of cooking, cleaning, shopping, interacting with family, and managing finances); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("If a clamant is able to spend a substantial part of his day engaged in pursuits

involving the performance of physical functions that are transferable to a work setting [here, fixing meals, doing laundry and yard work, and caring for a friend's child], a specific finding as to this fact may be sufficient to discredit a claimant's allegations."). *Cf. Orn*, 495 F.3d at 639 ("We agree with Orn that reading, watching television, and coloring in coloring books are activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace.").

### C. Vocational Expert's Testimony

At the hearing, the VE testified that an individual with the Claimant's RFC would be able to work as a cashier, office helper, or assembly worker. (Tr. 619–20). Claimant's RFC is restricted to "occasional overheard reaching bilaterally." (Tr. 540). Claimant argues that the ALJ erred by accepting the VE's testimony because the DOT states that a cashier must reach constantly and an assembly worker or office helper must reach frequently. Where the "expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing SSR 00-4P). But in order for a "difference between an expert's testimony and the [DOT's] listing to be fairly characterized as a conflict, it must be obvious or apparent." *Id*. at 808. Therefore, "tasks that aren't essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about." *Id*.

Here, the ALJ asked the VE if his testimony was consisted with the DOT and he replied that it was. Claimant's RFC restricts his ability to reach *overhead*, while the DOT only discusses that a cashier, assembly worker, or office helper must reach generally. If the VE had "opined that [the Claimant] could stock shelves or wash windows, the conflict would have been apparent or obvious," but "[g]iven how uncommon it is for most cashiers to have to reach overhead, . . . there was no apparent or obvious conflict between the expert's testimony and the [DOT]." *Id*. Claimant argues that *Gutierrez* is the distinguishable because in that case, the claimant was only restricted from reaching

overhead with her right arm, whereas Mr. Smith is restricted from reaching overhead with both arms. But the fact remains that it was not necessarily obvious to the ALJ that a conflict existed regarding the Claimant's need to reach overhead, regardless of whether that limitation applied to just one arm or both. The ALJ was entitled to rely on the expert's testimony.

## CONCLUSION

The ALJ properly weighed the treating physicians' opinions, discounted the Claimant's credibility, and relied on the VE's testimony. Substantial evidence supports the ALJ's decision.

**IT IS THEREFORE ORDERED** that the ALJ's decision to deny disability benefits is affirmed. The Clerk of the Court is directed to enter judgment accordingly.

Dated this 27th day of June, 2018.

_____
Honorable G. Murray Snow
United States District Judge